## J. B. OLSEN v. HOMESTEAD LAND AND IMPROVEMENT COMPANY.

### No. 213.

1. **Warranty on Partition of Assets by Corporation.**

    The shareholders of a corporation dealing in real estate agreed to withdraw and to divide a portion of its lands.   In accordance with and to carry out such agreement conveyances were executed by the corporation to the several shareholders for the lands so allotted.   The title to the lands conveyed to one upon a consideration of $2 failed in part.   Suit against the corporation for breach of warranty.   *Held,* that testimony to the value of the lot at time of the conveyance was properly excluded.   The corporation was not liable for the failure of title ........................................ 371

2. **Same—Fact Case.**

    From the fact that a corporation determined to release a portion of its assets for division among its shareholders, no presumption will arise that it intended to make good the title of the property so relinquished ............ 372

QUESTION CERTIFIED from the Court of Civil Appeals for Fourth District, in an appeal from District Court of Bexar County.

*J. D. Crenshaw,* for appellant.—The general rule as to the measure of damages for the breach of warranty is the consideration paid, with interest.   What then was the consideration paid by J. W. Moore and

L. W. Florea to appellee? Was it not the depreciation in the value of the shares of stock which they held in the defendant corporation, to the extent of the value of the assets of the defendant which were divided among the stockholders? Part of these assets were the lots in controversy. The defendant corporation received for these lots a reduction of its liability to its stockholders on its shares of stock to the extent of the value of said lots at the date of the deeds. How then is that value to be estimated but by their reasonable market value? The shares of stock evidently were not of the same value after the deeds were executed to the stockholders as before. These deeds were executed in pursuance of the agreement as alleged. What consideration did the stockholders pay appellee for the lots? Was not their stock depreciated in value to that extent? Will not the shares of stock of a corporation lose value if its assets are lost, destroyed, or taken away? What then is that lost value in this case? The reasonable market value of the lots. The stockholders of appellee get together and agree to divide assets of appellee among themselves; take warranty deeds from appellee; they sell by special warranty; subsequent purchaser relies on warranty of appellee; stockholders say, "we are not liable, as we gave only special warranty, and appellee is not liable, as we gave it nothing for the lots." Did they give nothing for the lots? Smith v. Strong, 14 Pick., 128.

*Upson & Bergstrom* and *J. L. Burgess*, for appellee.—It is true that where the consideration paid for land is other than money, that on breach of the warranty the measure of recovery against the warrantor is presumed to be the reasonable market value of the land at the time the conveyance and warranty was made, but it is unquestionable that this presumption may be rebutted by showing the actual value of the thing received for the land by the warrantor; that is to say, that the warrantor must account on his warranty for the benefit actually received by him. The complaint made by the appellant herein is, that the court erred in refusing to permit him to prove the market value of the lots at the time they were conveyed by the appellee to Florea and Moore. He did prove, however, that the appellee conveyed to Florea and Moore the lots set out in appellant's petition in the same manner that it had conveyed a number of other lots to other stockholders; that no shares of stock were cancelled as a consideration for the conveyances, and no consideration, if any, was received therefor. That being true, how could it have been material for plaintiff to prove the market value of the lots at the time the conveyances were made? He certainly could not have recovered the market value until it was first shown that the warrantor had received some consideration for them other than money. Here appellant himself proves that there was no consideration paid and nothing received by appellee in exchange

for said property, and in order to entitle appellant to recover he must show that the vendor received some benefit; and it is not sufficient to show that the vendee was either benefited or injured by the transaction. The corporation and its stockholders are separate and distinct, the stock being an outstanding liability of the corporation itself; of course, if a share of stock, or part of a share had been delivered up to the corporation and cancelled, then the value of that share so delivered up or cancelled would have been the benefit or consideration received by the corporation for such conveyance, and would be the measure of damages on the breach of the warranty; but the fact that the corporation made a donation to its stockholders of the property, and thereby the stock in the hands of the stockholders was proportionately decreased in value, is not a benefit accruing to the corporation. The full face value of the stock was still outstanding as a liability against the corporation. Can it be said that if the corporation had made profits by increase in value of its property, being a land company, and the corporation, instead of paying its stockholders a cash dividend, had conveyed to the stockholder real estate, that such corporation would become liable on a breach of its warranty for the market value of its stock? What consideration or benefit accrued to the corporation? Under the same rule, if the corporation donated to some person not a stockholder a portion of its real estate and warranted the title, the corporation would become liable on its warranty for the market value of the property so donated by it, because the value of the stock held by the stockholders was proportionately decreased in value. It is true that where joint owners of property partition the same among themselves, each warranting to the other the respective portions of such property received in the partition, each would become liable on the breach of the warranty for the value of the property received by each warrantor in the partition; but that is not the case with a corporation. A corporation is a distinct entity. The stockholders have absolutely no right, title, or interest in the property of the corporation, either legal or equitable, and therefore a conveyance by a corporation to its stockholders is in no sense a partition or division of property between it and such stockholder. Therefore, on a breach of warranty in a conveyance by a corporation, the corporation becomes liable for only such consideration or benefit as it actually received in parting with the property. Davis v. Agnew, 67 Texas, 206; Mora. on Corp., sec. 233; Brown v. Hearon, 66 Texas, 66; Henderson v. Railway, 17 Texas, 560; Bank v. Cupp & Co., 59 Texas, 270.

GAINES, CHIEF JUSTICE.—In this case the following question is certified for our decision:

"The Homestead Land and Improvement Company, in pursuance of an agreement among its stockholders to divide among themselves a part

of the land belonging to it, by its general warranty deed conveyed to J. W. Moore, one of its shareholders, a certain portion of said lands. The deed expressed a consideration of $2 and other valuable considerations, but in fact no consideration was paid nor stock cancelled. At the date of the deed the paramount title to about two-thirds of the land conveyed to Moore was and hath continuously since been in a third party, who was then and is now in actual possession thereof, and claiming it under the superior title.

"The appellant, J. B. Olsen, who by mesne conveyances holds the land under Moore, in a suit against the appellee for damages on its warranty, offered to prove, as evidence of the measure of damages, the value of the land conveyed to Moore at the time his deed was executed. Should the testimony have been admitted?"

In our opinion the testimony should not have been admitted. In legal contemplation, a corporation is an artificial person, and is distinct from its shareholders. Throughout its existence it remains the same, while the personnel of its shareholders may change at any time. A shareholder and the corporation may contract the one with the other. "The right which a shareholder in a corporation has, by reason of his ownership of shares, is a right to participate, according to the amount of his stock, in the surplus profits of the corporation on a division, and ultimately, on its dissolution, in the assets remaining after the payment of its debts." Plimpton v. Bigelow, 93 N. Y., 592. When, as in this case, the corporation and its stockholders have agreed that a portion of the assets of the concern may be divided among the shareholders, and a division has been ordered, the corporation has no further interest in the money or property so directed to be divided, and no duty in connection with it, except in case of money to pay, and in case of property, to transfer to the stockholders their respective shares in the dividend. The property in this case which it was agreed should be withdrawn from the capital stock and distributed among the shareholders being land, a conveyance by the corporation was necessary in order to transfer to the shareholders the legal title of the parcels respectively set apart to them. The consideration for the conveyances was merely the duty which the corporation owed to its stockholders to give effect to the agreement to withdraw and to divide among them a portion of the corporate property. Not only did it receive nothing for the conveyances, but its capital stock was lessened by the amount of the value of the property conveyed. That the corporation under the circumstances might, by order of its directors and at the request of the stockholders, have covenanted, in the event of the failure of title either in whole or in part of any of the parcels conveyed to the shareholders, to indemnify such shareholder or shareholders against loss by reason of the failure of title, may be conceded. This would probably have been accomplished by expressing the value

of the land as the consideration of the deed. But it seems to us that the consideration actually expressed excludes the idea that the corporation intended to do more than merely to pass the legal title, so as to give effect to a partition which the shareholders had agreed upon among themselves.

From the fact that a corporation has determined to release a portion of assets for division among its shareholders, no presumption arises that it intended to make good the title of the property so relinquished. Such action would result in an additional impairment of its capital stock, which fact ought to raise the contrary presumption that no such covenant was intended. After a partial division of assets the shares may pass into new hands, and to require the corporation to make good the title to the property so divided might work an injustice to such holders.

Delivered December 10, 1894.