AUGUSTUS HEMENWAY & others, trustees, *vs.* AUGUSTUS HEMENWAY & another, executors, & others.

Suffolk.    January 25, 26, 1898. — May 17, 1898.

Present: FIELD, C. J., ALLEN, KNOWLTON, LATHROP, & BARKER, JJ.

*Will — Trust — Apportionment of Rents and Income.*

In creating a trust by will for the benefit of his widow and three children, the testator carefully provided for the effect of her death or of that of any one of the children upon the distribution of the net rents and income. The payments were to be made from time to time out of the rents and income collected by the trustees, semiannually, reckoning from the death of the testator, and each payment was to be made "to such of the said four persons, namely, my wife and three children, as may be living at the time of payment, and to the lawful issue then living of any my child who has then deceased," etc., and "shall be made either into the hand of the person named, or upon his or her written order, or receipt, given at or after the time, and not by anticipation or in compliance with any assignment." These four persons were not given by the will any interest in the rents and income except the right to receive these semiannual payments in the manner directed. · If any one of them was not alive at the time when the payment should be made, only those living at that time were to receive the payment, and they were to receive all that was then payable. *Held*, on the death of the widow, that the net rents and income of the trust property received by the trustees after the date of the semiannual period of payment next preceding the date of the widow's death were not to be apportioned.

BILL IN EQUITY, by the trustees under the will of Augustus Hemenway, to obtain the instructions of the court. Hearing before *Allen*, J., who reserved the case upon the bill and the

answers for the consideration of the full court. The facts appear in the opinion.

*S. Lincoln,* for the executors under the will of Mrs. Hemenway.

*J. B. Warner,* for the children of the testator.

FIELD, C. J. This is a bill in equity for instructions brought by the trustees under the will of Augustus Hemenway, late of Milton in this Commonwealth. Augustus Hemenway, the testator, died on June 16, 1876, leaving a widow, Mrs. Mary Hemenway, and three children by her, viz. Augustus Hemenway, Amy H. Cabot, and Edith H. Eustis. His will was admitted to probate on July 26, 1876. Mrs. Mary Hemenway died testate on March 6, 1894, leaving the same three children. The question presented relates to the payment of the income of the property held in trust under the seventh article of the will of Augustus Hemenway. The trust was composed of all the residue and remainder of his property intended to be disposed of by the will. The trustees were " to collect the rents and income of said trust property, original and substituted, and after deducting the expense of taxes, insurance, and repairs, and all other necessary and proper charges and expenses, including a reasonable compensation for their own services, to dispose of the remaining or net rents and income as is hereinafter provided." The trust was to continue " during the lives of my said wife and my said three children, and of the survivor or longest liver of them, and for twenty years next after the death of such survivor or longest liver; and upon the expiration of the said twenty years, my trustees shall convey in fee simple, transfer, and pay over the said trust property to my lawful issue then living, they taking by representation according to the stocks," with a proviso for the termination of the trust if on the decease of the survivor or longest liver of said four persons, or at any time within the said twenty years next thereafter, all the lawful issue of the testator should be extinct. The testator then makes provision for the payment of certain annuities out of the net rents and income of the trust property, and he directs that " the said annuities shall begin to run from my death, and shall be paid in equal semiannual payments, and the first payment thereof to be made at the end of six months next after my death." After the payment of these annuities the testator

directs his trustees as follows: " To pay all the remaining net rents and income, during the continuance of this trust, by semi-annual payments in every year, in equal shares, to such of the said four persons, namely, my wife and three children, as may be living at the time of payment, and to the lawful issue then living of any my child who has then deceased, (whether such my child have died before or after me,) such issue taking by representation, according to the stocks, the share which such my deceased child would have taken if living. All payments of net rents and income made under the trusts created for the benefit of my wife, children, and issue, shall be made either into the hand of the person named, or upon his or her written order, or receipt, given at or after the time, and not by anticipation or in compliance with any assignment; and all payments to women shall be made to their several sole and separate use, free from all marital claim or right. My trustees, at the time of making every such semiannual payment, shall render to the persons receiving the same a particular statement and account of all receipts and disbursements of income for the six months then last past."

In accordance with these directions the trustees made payments, and rendered their accounts to the widow and children, every six months after the testator's death, the semiannual period closing at midnight on June 15 and on December 15 of each year, and these payments and accounts included only income actually received during the semiannual period covered. In this way the trust was uniformly administered from the first payment made in December, 1876, until the payment made in December, 1893. The widow having died on March 6, 1894, there has been no payment to her or her estate since the regular semiannual payment of the preceding December.

The trust property was invested in real estate, coupon bonds, promissory notes with interest payable semiannually secured by mortgages,. and certificates of stock in corporations, and there was income accruing on December 15, 1893, which had not then accrued and become payable, but which became payable thereafter, and was paid to the trustees before the death of Mrs. Hemenway; and at the time of her death there was also income accruing which had not then accrued and become payable, but

which after her death became payable and was paid to the trustees. The trustees ask the court to determine whether any income collected by them after December 15, 1893, the date of the last payment to Mrs. Hemenway, should be paid to the executors of her will; and if so, how shall the share of the income be apportioned as between her estate and the three children, — whether as of December 16, 1893, or as of March 6, 1894.

The common law is declared in *Dexter* v. *Phillips*, 121 Mass. 178; but the subject in this Commonwealth is regulated by Pub. Sts. c. 136, §§ 24, 25. Section 25 is as follows: " If the person entitled to such annuity, rent, interest, or income dies, or if such contingent event happens at an intermediate time before the termination of a year from the time when the whole of the annual amount for the preceding year has become due, such annuity, rent, interest, or income for the then current year shall be apportioned, and such person, or his representatives, shall be entitled to receive a proportionate part thereof, unless it is otherwise provided in such will or instrument; but no suit for the recovery of such annuity or interest shall be brought against an executor until the expiration of one year after his giving bond for the discharge of his trust." See *Adams* v. *Adams*, 139 Mass. 449.

Under this section of the statutes, the intention of the testator, when clearly expressed in his will, must be carried into effect, even although the provisions of the will differ from those of the statute. The language of the seventh article of the will seems to us carefully to provide for the effect of the death of the testator's widow, or of any one of his children, upon the distribution of the net rents and income. The payments are to be made from time to time out of the rents and income collected by the trustees, semiannually, reckoning from the death of the testator, and each payment is to be made " to such of the said four persons, namely, my wife and three children, as may be living at the time of payment, and to the lawful issue then living of any my child who has then deceased," etc., and " shall be made either into the hand of the person named, or upon his or her written order, or receipt, given at or after the time, and not by anticipation or in compliance with any assignment." These four persons are not given by the will any interest in the rents and

income, except the right to receive these semiannual payments in the manner directed. If any one of them is not alive at the time when the payment should be made, only those living at that time are to receive the payment, and they are to receive all that is then payable. The language used seems to us necessarily to exclude any apportionment between the estate of the widow and the three children. The trustees should be instructed that there should be no apportionment of the net rents and income of the trust property received by them after December 15, 1893.

*Decree accordingly.*