LEWIS C. GREEN, TRUSTEE, *vs.* FANNY M. BISSELL ET ALS.

Third Judicial District, New Haven, January Term, 1907.
BALDWIN, HAMERSLEY, HALL, PRENTICE and REED, Js.

It is an accepted rule in this State that cash dividends upon corporate stock are to be regarded as income which goes to the life tenant, while stock dividends are to be treated as capital enuring to the benefit of the remainderman.

A stock dividend involves the capitalization of profits or surplus assets, and the creation and issue of new shares based thereon. Incidentally it adds nothing to the stockholder's proportional ownership of the company's assets, although it increases the number of his shares.

A cash dividend, on the other hand, involves a severance of the profits or surplus assets, and their apportionment among the stockholders, usually but not necessarily in the form of cash, and, whatever form it may take, always results in a corresponding reduction of both corporate assets and surplus.

A corporation having received shares of its own stock in payment of a debt, voted to distribute them to its stockholders *pro rata* " as a stock dividend." *Held:*—

1. That such distribution was misnamed; that it was in reality as much of a " cash dividend " as it would have been had the debt been paid in cash and the cash itself been divided among the stockholders;

and therefore was to be treated as income rather than as principal of a trust fund.

2. That in order to accomplish a just division and distribution among the life tenants of the trust fund, of the shares received by the trustee, he might convert such number of them into cash as he found necessary.

A testator provided that his widow should have a life income of $1,200 per year, "and at the same rate for all parts of a year," payable yearly at least, and oftener if convenient. At the end of each year the excess net income, if any, was to be divided among the testator's children, including *S*, as long as he should survive, in specified proportions, payable "as soon after the end of each year as the amounts can conveniently be ascertained." *S* died about seven months after an annual distribution of excess-income. *Held* that each year constituted a distinct financial period for the ascertainment of excess-income, and therefore the executor of *S* was not entitled to any part of the income which accrued after the last distribution and before the date of his death, and still less anything on account of interest payable to the fund after his death.

Argued January 15th—decided March 6th, 1907.

SUIT to determine the rights of the respective beneficiaries under the will of Samuel B. S. Bissell of Norwalk, deceased, brought to and reserved by the Superior Court in Fairfield County, *Shumway, J.,* upon an agreed statement of facts, for the advice of this court.

Samuel Burr Sherwood Bissell of Norwalk died August 23d, 1894, possessed of a considerable estate and leaving a will under which he gave the residue of his estate to trustees. By the terms of the trust the trustees were given discretionary power as to the investment of the *corpus* of the fund, and directions to dispose of the income and principal as follows : the testator's widow was to have the sum of $1,200 per year, and at the same rate for all parts of a year, during her life, and the trustees were directed to pay the same to her out of the net income, if it should be sufficient therefor, and, if not, then to use so much of the principal as should be necessary. It was directed that the payments of this sum should be made to her yearly at least, or oftener as she should desire and the trustees find convenient. It was further directed that

after the expiration of one year from the testator's decease, if there should be an excess of income over and above said payment of said annual sum to his wife and the expenses incident to the trust, the said excess of income should be divided among his six children in specified proportions. Among these children was Samuel Sherwood Bissell, who by the provisions of the will was to share in this division of income only so long as he should survive the testator. The trustees were further directed " to pay the same to my said children, provided there shall be such excess of income, as soon after the end of each year (except said first year) as the amounts so to be paid can conveniently be ascertained." The trust was made to terminate upon the death of Mrs. Bissell, when a distribution of the fund was to be made in a manner provided.

The son Samuel Sherwood died April 2d, 1906, unmarried and without issue. The defendant Catherine O'Donnell is the executrix of his will and sole legatee and devisee. Mrs. Bissell and all the other children survive. The plaintiff, Green, is now the sole trustee of said fund.

Among the property which originally became a part of the *corpus* of the trust estate thus created, and has since remained a part thereof, were and are 1,750 shares of the capital stock of the Lounsbury & Bissell Company, a Connecticut joint-stock corporation with a capital of $200,000, consisting of 8,000 shares of the par value of $25 each. On January 24th, 1905, this corporation had in its treasury 925 of these shares, which had been transferred to it by one of its stockholders in payment of a debt. On that day, pursuant to votes of the stockholders and directors, this stock was distributed to the stockholders, other than the company itself, *pro rata*. In the votes this distribution was designated as one " by way of a stock dividend." After the distribution the company continued to have a considerable surplus. As the result of it, 228 shares, and $19.96 in cash as representing a fraction of a share, passed to the then trustee. August 23d, 1905, the plaintiff, having meanwhile succeeded to the management of said trust and

having in his hands as belonging thereto said 228 shares of stock, stated an annual account of the income of said fund to date, and paid to the parties entitled thereto the net balance of income as shown by said accounting. Into this account and division said 228 shares did not enter, but the same still remain in the hands of the plaintiff trustee. Between said August 23d, 1905, and the death of Samuel, the plaintiff received as income from said trust fund the sum of $2,846, which is now in his hands. Since August 23d, 1905, the plaintiff has made no payment on account of income since received by him to any of the *cestuis que trust.* On July 1st, 1906, there became due, as semi-annual interest upon certain bonds of the Chicago, Milwaukee and St. Paul Railroad Company, which belonged to the fund, the sum of $325, which was duly paid to the trustee.

The questions propounded for the advice of the Superior Court are the following :—

"1. Whether any or all of the 228 shares of stock so received from the Lounsbury & Bissell Company, as herein mentioned, are principal or income.

"2. Whether the said Samuel Sherwood Bissell was, at the time of his decease, entitled to his share of so much of the net income which was earned at that time, after the previous settlement on August 23d, 1905, and if so, how much, and when the same is to be paid.

"3. If any or all of said 228 shares of stock is held to be income, and cannot be divided equally, should the trustee sell said stock and divide the proceeds according to said will.

"4. Whether the said Samuel Sherwood Bissell was, at the time of his decease, entitled to his proportionate share of the interest on the Chicago, Milwaukee & St. Paul R. R. Co. bonds, due July 1, 1906, if the same is paid to the trustee, and if so, how much, and when the same is to be paid.

"5. If the court holds that said Samuel Sherwood Bissell was entitled to any income whatever, at the time of his

death, is such income to be chargeable with his proportion of the expenses incident to said trust, and if so, how much."

*Levi Warner*, for the plaintiff.

*Asa B. Woodward*, for Fanny M. Bissell *et als.*

*Joseph R. Taylor*, for Catherine O'Donnell, executrix and individually.

PRENTICE, J.   The accepted rule in this jurisdiction, applicable to all save possibly a few exceptional situations such as are not here revealed, is that cash dividends are to be regarded as income passing to life tenants, while stock dividends are to be treated as capital enuring to the benefit of the remainderman.   *Smith* v. *Dana*, 77 Conn. 543, 60 Atl. 117.

The declaration of a stock dividend involves the creation and issue of new shares of stock.   The basis of the issue, in so far as payment into the corporation is not required of the recipient, is surplus assets, which thus become converted into strict capital with all which that implies.   From the process there results an increase of both the number of outstanding shares and the amount of the corporate assets, which have had that peculiar dedication to the corporate uses which entitles them to the name of capital, strictly speaking.   *Smith* v. *Dana*, 77 Conn. 543, 552, 60 Atl. 117. It is also one of the incidents of a stock dividend, that the stockholder who receives his *pro rata* proportion of the new issue, while he acquires the ownership of more shares, adds nothing to his proportionate ownership of the assets of the corporation.   His holding, after the new issue, bears precisely the same ratio to the total of the outstanding shares of the corporation as did his previous holding to the previous total.   *Terry* v. *Eagle Lock Co.*, 47 Conn. 141, 165.

The underlying idea of a cash dividend, on the other

hand, is the distribution to shareholders, as the rewards of the corporate enterprise, of a portion of the profits or surplus assets of the corporation. Usually the assets thus divided are in the form of cash and the distribution a cash one. This, however, is not necessarily so, and there is no departure in principle or essence if the distributed assets chance to be in some other form of property. *Leland* v. *Hayden*, 102 Mass. 542; *Allegheny* v. *Pittsburgh, A. & M. P. R. Co.*, 179 Pa. St. 414, 36 Atl. 161; *Olsen* v. *Homestead L. & I. Co.*, 87 Tex. 368, 28 S. W. 944; *Scott* v. *Central R. & B. Co.*, 52 Barb. (N. Y.) 45; 2 Cook on Corporations (5th Ed.), § 534. Whatever form the distribution takes, the result always is the reduction of both the corporate assets and surplus by just the amount of the distribution. Something is taken from the corporation and given to the shareholders. That which is distributed becomes released from all corporate control and comes under the dominion of the shareowner.

The shares in contention here constituted no new issue. They had long been outstanding as paid up stock. They were not issued in consideration of a capitalization of surplus. Their distribution did not increase either the number of outstanding shares or the amount of corporate capital. When the distribution was complete, each stockholder owned a larger proportion of the corporate assets than before. The ratio of his ownership of shares to the total number had been increased. Surplus assets had been taken from the corporation and given to the shareowners. The corporate assets had thus become diminished and the shareholders' independent ownership increased. It is true that what was distributed was the shares of stock of the distributing corporation. But that was but an accident of the situation and an unimportant one. It was no more significant of the real character of the transaction than had it been the shares of some other corporation, or other property, or cash paid in in satisfaction of the original stockholder's debt in lieu of which the stock was obtained. The acquisition of this stock by the distributing corporation

was an incident of its business. As the result it became
and was held as among its assets, and as such, and as help-
ing to create a net surplus justifying a dividend, it was di-
vided to the stockholders precisely as any other assets
might have been. The distribution must therefore be
treated as a cash and not as a stock dividend, as income,
therefore, and not as capital. The fact that the stockholders
and directors, in their votes authorizing and carrying into
effect the distribution, misnamed it a stock dividend, can-
not, of course, change its palpable character. *Bulkeley* v.
*Worthington Ecclesiastical Society*, 78 Conn. 526, 528, 63
Atl. 351.

The case of *Leland* v. *Hayden*, 102 Mass. 542, discloses
a similar state of facts upon which a like conclusion was
reached.

The duty of division and distribution which devolved
upon the trustee by virtue of the income character of the
fund which is comprised of these shares, and the lack of
other assets in his hands possessing the same character, en-
titles him to make such a conversion of shares into cash as
will enable him to perform that duty justly.

The provisions of the will creating the trust in question
provide for annual accountings by the trustee of the in-
come received by him during the preceding annual period,
an appropriation, from each annual net balance so ascer-
tained, of the sum of $1,200 to the widow, and thereupon
the distribution of any remainder of such balance to the
testator's children, including the deceased Samuel as long
as he should survive, in fixed proportions between them.
It is provided that the first of these accountings and ap-
portionments shall be made at the expiration of one year
from the testator's death, and that the succeeding ones
shall be had as soon after the end of each year thereafter
as they conveniently could be. The purpose and intention
of the testator to make each year a distinct financial period,
to reduce the gross income for that period into a net bal-
ance by deducting therefrom the expenses incident to the
management of the trust, to charge thereon as far as pos-

sible the annuity to the widow as one *de anno in annum*, and to divide any remaining sum to the children as a fund then for the first time come into being,—is substantially as clear as was the somewhat similar intention of the testator in *Comstock* v. *Comstock*, 78 Conn. 606, 63 Atl. 449. The intention thus expressed was to give the children, not proportional parts of income generally, but rather proportional parts of an ascertained fund when that fund should from year to year be ascertained. This intention must govern.

This construction of the will necessarily precludes any claim on behalf of Samuel's estate to any share of the interest next after his death to become due upon the Chicago, Milwaukee and St. Paul bonds, as well as of any income which came into the hands of the trustee after the last settlement on August 23d, 1905, and prior to Samuel's decease.

The Superior Court is advised (1) that Catherine O'Donnell, as the executrix of the last will and testament of Samuel Sherwood Bissell, deceased, is entitled to receive from the plaintiff trustee one eighth of the 228 shares of the capital stock of the Lounsbury & Bissell Company set out in the complaint; (2) that to accomplish a just division and distribution of said shares among those entitled to receive them, the trustee is entitled to convert such a number of them into cash as will enable him to make such division and distribution; (3) that said Catherine O'Donnell, as such executrix, is not entitled to receive from said trustee any share of either any income which came into his hands after August 23d, 1905, and prior to the death of Samuel Sherwood Bissell, or any interest which may have been paid after the death of said Samuel Sherwood Bissell upon any bonds held by said trust fund; and (4) to render judgment accordingly.

No costs in this court will be taxed in favor of either party.

In this opinion the other judges concurred.