JOHN S. McELWAIN & others, trustees, *vs.* JOHN HILDRETH, executor, & another.

Hampshire.    September 21, 1909. — October 20, 1909.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & SHELDON, JJ.

*Trust,* Construction, Apportionment of income.    *Income.    Devise and Legacy.*

The will of a testator, who died on July·31, 1878, provided for a trust fund and, among other directions to the trustees, provided as follows : " The said Trustees shall hold, manage, and improve the remaining two-thirds (or six-ninths) . . . in one fund for the use and benefit equally of my three nieces . . . [naming them] . . . and they shall annually apportion, divide equally and pay over to them respectively during their respective lives, the net income of said fund, tò each two-ninths of the income of the aforesaid six-ninths of the said residue of my estate. . . . And upon the occurrence of the death of either of my said nieces, the said trustees shall annually pay over to her heirs at law the income of the two-ninths part of said residue ; and when [the three nieces and two other beneficiaries] shall have all deceased, the said Trustees shall pay over to the heirs at law of each niece, two-ninths part of said residue, the use which for her life is given to her by this will, together with all the unexpended income thereof, which shall remain at the time of her death." One of the nieces died on a November 26. The trustees had paid over to her and to the two other nieces in accordance with the above quoted portion of the will all of the income which the trustees had received previous to the preceding August 1. By a bill in equity the trustees sought instructions as to whether the income received by them between July 31 and November 27 should be paid to the executor·of the will of the deceased niece or to her heir at law. *Held,* that such income should be paid to the executor of her will, since under Gen. Sts. c. 97, §§ 23, 24, if not at common law, there should be an apportionment, the will not providing that there should be none.

BILL IN EQUITY, filed in the Probate Court for the county of Hampshire on August 8, 1908, by the trustees under the will of Whiting Street, late of Northampton, for instructions, as stated in the opinion.

On appeal by Clarissa S. H. Chapman from a decree of the Probate Court made by *Bassett,* J., the case was heard by *Hammond,* J., who confirmed the decree of the Probate Court and reported the case for determination by the full court.

The facts are stated in the opinion.

*H. B. Patrick,* for the defendant Clarissa S. H. Chapman.

*A. L. Green,* for the executor Hildreth.

MORTON, J. The question in this case is whether Eliza Smith at her death was entitled under Mr. Whiting Street's will to any portion of the income in the hands of the trustees, and, if so, whether such portion passed to her executor or to her heir at law. The provisions of the will under which the question arises are in the sixth item, the residuary clause, and are, so far as material, as follows: " 2d. The said Trustees shall hold, manage, and improve the remaining two-thirds (or six-ninths) of the aforesaid residue of my estate in one fund for the use and benefit equally of my three nieces, the daughters of my brother Alpheus Street, to wit, Eliza Smith the widow of Albigence Smith, Polly Ann Houston, the wife of Robert A. Houston, and Harriet Adaline Street, single woman; and they shall annually apportion, divide equally and pay over to them respectively during their respective lives, the net income of said fund, to each two-ninths of the income of the aforesaid six-ninths of the said residue of my estate. . . . And upon the occurrence of the death of either of my said nieces, the said trustees shall annually pay over to her heirs at law the income of the two-ninths part of said residue ; and when Whiting Bradley Street, Mrs. Nancy Perkins, Eliza Smith, Polly Ann Houston, and Harriet Adaline Street shall have all deceased, the said Trustees shall pay over to the heirs at law of each niece, two-ninths part of said residue, the use which for her life is given to her by this will, together with all the unexpended income thereof, which shall remain at the time of her death."

By the preceding clause in the same item the trustees were directed to hold "one full and fair third, or (three-ninths parts)" of the residue for the use and benefit of Whiting Bradley Street, the grand-nephew of the testator, and upon his death they were to pay to Mrs. Nancy Perkins during her life the income of one fourth part of all that portion devoted to the use and benefit of Whiting Bradley Street which should remain unexpended at his death, and upon the death of Mrs. Perkins all the residue and remainder of the one third held by the trustees for the use and benefit of the grand-nephew was to be added to the remaining

two thirds of the residue. Mrs. Perkins and the nephew have both deceased, and the one third referred to above or the unexpended portion thereof has fallen in. That fact, however, does not affect the questions at issue. Mr. Whiting Street died July 31, 1878, and Mrs. Smith November 26, 1907. The trustees paid over to Mrs. Smith and the others entitled to it the net income of the trust fund received by them prior to August 1, 1907. The judge of probate ruled that Mrs. Smith's executor was entitled to the income in the hands of the trustees and that the apportionment should be as of the thirty-first day of July in each year. The single justice was of opinion that the decree of the Probate Court should be affirmed and so ruled, but at the request of the appellant, the heir at law, reported the case to this court, such decree to be entered as law and justice might require. We think that the decree of the Probate Court was right and should be affirmed.

It is plain, we think, that the testator intended that Mrs. Smith should receive during her life two-ninths of the net income of the trust fund. He expressly directed that the trustees should hold two-thirds of the residue as one fund for the use and benefit equally of his nieces, and that they "shall annually apportion, divide equally and pay over to them respectively *during their respective lives,* [the italics are ours] the net income of said fund, to each two-ninths of the income of the aforesaid six-ninths of the said residue of my estate." Upon the death of either of the nieces, the income of the two-ninths is to be paid over to her heirs at law, and upon the death of all of the nieces and of the nephew and of Mrs. Perkins, the trustees are to "pay over to the heirs at law of each niece, two-ninths part of said residue, the use [of] which for her life is given to her by this will, together with all the unexpended income thereof, which shall remain at the time of her death." It will thus be seen that the income is to be paid over to the nieces during "their respective lives," and that the final distribution is to the heirs of each niece of the two-ninths part of which the niece has the use during her life. Nothing could indicate more plainly, it seems to us, that the nieces are to have the income during their lives. The direction that the trustees "shall annually apportion, divide equally and pay over to them . . . the net income of said

fund " does not mean, as contended by the heir at law, that the income is to be paid over and apportioned at the end of each year and that until the time of payment arrives the nieces are not entitled to any of the income, but that the trustees are to pay over the income year by year and are to divide and apportion it so that at the end of each year the income for that year shall have been equally divided and apportioned between the parties entitled to it. The provision in regard to unexpended income applies only to such income as remains unexpended at the final distribution of the trust fund. There is no provision for the payment to the heirs at law of any unexpended income that may remain at the death of a niece before the period for final distribution arrives. The direction that the trustees upon the death of either of the nieces "shall annually pay over to her heirs at law the income of the two-ninths of said residue" applies manifestly to income accruing after the death of the niece and not to the unexpended income, if any, which the trustees may hold at her death. The testator died on July 31, 1878. The income was payable from his death, and, inasmuch as it was to be paid over and divided equally annually, it is not contended that the settlement should not be as of the thirty-first day of July in each year as ruled by the Probate Court. Nor is it contended that the unexpended income is not apportionable, if the income was for life and was not payable at a fixed period to the beneficiary if living, and if the unexpended income did not pass under the provisions of the will upon the death of a niece to her heirs at law. We are of opinion for the reasons given that the income was not so payable and that the unexpended income did not so pass. The case of *Hemenway* v. *Hemenway*, 171 Mass. 42, relied on by the appellant, is clearly distinguishable. It follows that under the statutes in force at the testator's death (Gen. Sts. c. 97, §§ 23, 24), if not at common law, the income was apportionable.

*Decree of Probate Court affirmed.*