# The Equitable Trust Company v. Edwin B. Jennings et al.

## Estelle G. Howland, Cross-Complainant, Plaintiff in Error, v. Edwin B. Jennings et al., Defendants in Error.

### Gen. No. 19,685.

1. WILLS, § 371*—*when income accruing to beneficiary before his death does not go to his estate.* Under a will providing that the income of the estate shall be divided equally between the testator's two sons and a grandson and payable quarterly, and providing that in case either should die without issue his portion should be added to that of the survivor or survivors, held *that* where one of them died without issue, leaving a will devising and bequeathing his entire estate to his wife, that the wife was not entitled to any portion of the income which accrued from the date of the last quarterly payment up to her husband's death.

2. EQUITY, § 188*—*when matters already adjudicated cannot be reconsidered under cross-bill.* A defendant in a case, when the merits are determined and the equities settled, cannot, under the guise of a cross-bill, bring the previous proceedings before the court and thus have the court reconsider questions already passed on.

3. ESTOPPEL, § 66*—*when parties precluded from insisting on different construction of will.* Where a beneficiary in a will accepted benefits which accrued to him by reason of the court's construction of the will, both the beneficiary and a person claiming under him are estopped from insisting on a different construction.

4. JUDGMENT, § 495*—*when decree approving action of trustee conclusive.* A decree approving the action of a trustee in paying a portion of the income of an estate to a person mentioned in a will, *held* conclusive against the claim of a person that the income was not properly disbursed, where such person was served with a copy of the bill in the proceeding and was defaulted for want of appearance.

5. APPEAL AND ERROR, § 1568*—*when setting aside default granting leave to plead, etc., harmless.* Error of court in setting aside a default decree, in granting defendant leave to file a cross-bill and also in denying a motion to strike the cross-bill from the files, *held* not reversible error where the cross-bill was dismissed.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Error to the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding. Heard in this court at the March term, 1914. Affirmed. Opinion filed November 9, 1914.

**Statement by the Court.** John D. Jennings died testate April 14, 1889, leaving a large estate to the Mutual Trust Company in trust. That Company refused to accept the trust and the Jennings Trust Company was, by decree of the Circuit Court entered May 3, 1889, appointed trustee. The name of that Company was afterwards changed to the Equitable Trust Company. The will makes a bequest of income to testator's wife, who died April 1, 1892, and another to her sister, who died August 24, 1893. The only provisions of the will involved in this case are the third and fourth clauses, which are as follows:

"Third. All my real estate, including any hereafter acquired, and all the rest of my personal property, after payment of my debts, I devise and bequeath to The Mutual Trust Society, an Illinois Corporation, but in trust, nevertheless, for the following uses, purposes and trusts: viz., to hold and manage the same as fully as I could do, if still living, and after defraying all expenses of the estate, including five (5) per cent. on the moneys of the estate, as the compensation hereby fixed for the trusteeship, the net income from the estate to dispose of quarter-yearly as follows: One-third (1/3) of said net income shall be paid to my wife as a life annuity; and sixteen hundred dollars ($1,600) per annum as life annuity to her sister, Eliza Brizsee; three thousand dollars ($3,000) per annum, as a term annuity to my grandson, John Henry Jennings, until he shall reach the age of twenty-five (25) years, which will be June fourth (4) Nineteen Hundred (1900) and the rest of the said net income shall be divided into three (3) equal parts, one of which shall be paid to each of my two sons, George F. and Edwin B. Jennings, until said date, June 4th, 1900, and the remaining part, or one-third (1/3) shall be applied as far as needed, to the payment of my debts, and of the legacies named in item No. two (2) of this will, should the funds on

hand & bills receivable at my death be insufficient to pay said debts & legacies; and the surplus of said third, after such payment, shall be invested and reinvested by my trustee, for accumulation till said date, June 4th, 1900, from which date forth, the entire income from my estate, after payment of its expenses, and annuities of the surviving annuitants, if any, shall be equally divided between my two sons and my grandson, one-third (1/3) to each, and also payable quarter-yearly, as annuities for their lives, with remainder over, as follows: should either of said three die, leaving issue, the said issue to take the annuity of the deceased so long as either of the other two shall live, and should either of my two sons or my grandson die without leaving issue, the annuity of him so dying shall be added to that payable to the survivor or survivors, and on the death of the last survivor of said three, the estate, subject to my wife's and her sister's annuities, if still alive, shall be divided equally between the respective issue then living of my two sons and my grandson, such issue of each taking per stirpes, and if there be no issue then living of either of said three, then in default of such issue, or lineal descendants of my two sons & my grandson, the estate, subject to said two annuities or to either, if still alive, to go to my heirs at law.

"Fourth.   Whilst thus providing for my real estate remaining intact the income only to · be disbursed quarter-yearly, I authorize my trustee, if deeming it best for the interest of the estate, to sell or otherwise dispose of any of the realty, provided my wife and two sons, or the survivors or survivor of said three, signify in writing their approval of such sale or disposition, by joining the trustee in the deed, or other instrument of conveyance, & such jointly executed instrument shall convey the title to the property, according to the tenor and purport of said instrument—the same being acknowledged before a Notary Public.

"Fifth.   I appoint my wife the executrix of this will, and should she not survive me, or for any cause should not serve, then I appoint my son, Edwin B. Jennings, my executor, hereby requesting that no bond be required of either of them.

JOHN D. JENNINGS."

Testator's grandson, John Henry Jennings, died without issue February 2, 1899, and testator's son George died February 19, 1902, also without issue, but leaving a will by which he devised and bequeathed his entire estate to his wife, Estelle G. Jennings, now Estelle G. Howland, the complainant in the cross-bill and plaintiff in error here.

Her contention is that one-half of the income which accrued from January 1, 1902, up to which time the income was paid, to February 19, 1902, the date of the death of George F. Jennings, should have been paid to plaintiff in error, the sole beneficiary under the will of George F. Jennings, while in fact the entire income of the estate which accrued during said period was paid by the trustee, the Equitable Trust Company, to Edwin B. Jennings, the surviving son of the testator.

April 3, 1899, the Equitable Trust Company filed in the Circuit Court a bill for the construction of the will of John D. Jennings, to which testator's sons, Edwin B. and George F., and all other persons interested in said estate were made defendants. One of the questions presented in that case was, who was entitled to the one-third of the quarter-yearly income of the estate which accrued prior to the death of John Henry Jennings? The court in that case adjudged and decreed that all the income distributable after the death of John Henry Jennings was distributable and payable to George F. and Edwin B. Jennings, and that ''upon the settlement of each quarter-yearly accumulation of income * * * commencing with the first quarterly distribution thereof subsequent to the death of said John Henry Jennings, the complainant account and pay over to said George F. Jennings and Edwin B. Jennings, in equal parts, the entire net proceeds of such income for such quarter-yearly period.''

On the death of George F. Jennings February 19, 1902, the trustee, following the rule declared in the suit above referred to, paid all of the income accruing after

the date of the last quarterly payment to Edwin B. Jennings.  November 1, 1903, the Equitable Trust Company filed a bill against Edwin B. Jennings, the plaintiff in error, as the sole beneficiary under the will of George F. Jennings, and others.  Plaintiff in error was duly served with process in that case and the court by its decree approved and confirmed the act of the trustee in paying to Edwin B. Jennings all of the income which accrued during the quarterly period within which George F. Jennings died and thereafter.

The suit in which the decree brought before us by this writ of error was entered was brought April 4, 1906, by the Equitable Trust Company against Edwin B. Jennings and plaintiff in error, and she was duly served with a copy of the bill, and failing to appear was defaulted.  July 7, 1906, a decree was entered wherein the court found that the income had been paid out in accordance with the will of John D. Jennings, and decreed *inter alia:*

(1)    That the resignation of Equitable Trust Company as trustee be accepted.

(2)    That Chicago Title and Trust Company be appointed successor in trust.

(3)    That the outgoing trustee deliver to the new trustee the trust estate.

(4)    That the new trustee have certain powers as such.

(5)    That when the transfer of assets have been made to the new trustee a further order should be entered approving all action of the retiring trustee and releasing it from liability.

By a supplemental decree entered December 31, 1909, the court found that the Equitable Trust Company had assigned and delivered to the Chicago Title and Trust Company as substituted trustee the entire estate, pursuant to the decree of July 6, 1906, and ordered that the acts of said Equitable Trust Company as trustee be approved and confirmed and said trustee released

from all further liability on account of the administration of said trust.

No complaint of any of said orders was made by plaintiff in error until April 29, 1911, when she filed her motion, supported by a petition, to vacate her default and for leave to answer the bill and file a cross-bill. Her motion was granted and June 5, 1911, she filed her answer and also a cross-bill. The facts above set forth are either stated in the bill and not controverted, or are set forth in the cross-bill. Edwin B. Jennings filed a general and special demurrer to the cross-bill, which was sustained, and the cross-complainant electing to stand by her cross-bill, the same was dismissed. The errors assigned by plaintiff in error are that the court erred in sustaining the demurrer to the cross-bill and in dismissing the same. Edwin B. Jennings assigns for cross-errors that the court erred in setting aside the default of the defendant, Estelle G. Howland, and permitting her to answer the bill; in giving her leave to file a cross-bill and in overruling the motion of Edwin B. Jennings to strike the cross-bill from the files.

HARRY A. DAUGHERTY, ROBERT J. FOLONIE and THOMAS L. STITT, for plaintiff in error.

DEFREES, BUCKINGHAM & EATON and DAVID M. HILLIS, for defendants in error.

MR. JUSTICE BAKER delivered the opinion of the court.

If plaintiff in error ever was entitled to the income which she now claims, she became so entitled on the death of her husband, George F. Jennings, February 19, 1902; yet she made no claim to such income until June 5, 1911, when she filed her answer and cross-bill. We find in the cross-bill no averment sufficient to bar the defense of laches, and upon that ground we think the demurrer to the cross-bill was properly sustained.

Plaintiff in error was a defendant to the bill filed by the trustee November 1, 1903, for the purpose *inter alia* of obtaining a decree, "ratifying, affirming and

confirming its acts as trustee of said estate," was served with process and defaulted, and a decree entered approving "the action of the trustee in and about the collection, receipt and disbursement of the income." The disbursements included the payment to Edwin B. Jennings of the income now claimed by plaintiff in error, and that decree must, we think, be held conclusive against her present claim.

In the suit in which the cross-bill was filed, plaintiff in error was served with a copy of the bill defaulted and a decree entered July 6, 1906, finding that the trustee had carried out the directions of the will as to the distribution of the income. We think that plaintiff in error is barred by the adjudication that the income which accrued in 1902 was properly disbursed. A defendant in a case, when the merits are determined and the equities settled, cannot, under the guise of a cross-bill, bring the previous proceedings before the court and thus have the court reconsider questions already passed on. *Roby v. Calumet & C. Canal & Dock Co.*, 165 Ill. 277.

The bill as a cross-bill was not good and the demurrer was properly sustained thereto.

Plaintiff in error claimed under the will of her husband, George F. Jennings, and any adjudication which would be binding on him if living is binding on her. The decree of April 23, 1899, entered after the death of John Henry Jennings, in a suit to which George F. Jennings was a party, interpreted and construed the will to provide and mean that all of the income which had accrued after the last quarterly payment and before the death of John Henry Jennings should be paid over to George F. and Edwin B. Jennings. George F. Jennings accepted the benefits of this decree by accepting one-half of the one-third of the income which accrued before the death of John Henry Jennings, and the decree was an adjudication that the income which accrued before the death of John Henry Jennings

should not be apportioned which estops plaintiff in error, claiming under George F. Jennings, from insisting on a different construction of the will.

The will provides that after the death of the testator's wife and her sister the entire income of the estate should be, "equally divided between my two sons and my grandson, one-third to each, and also payable quarter-yearly, as annuities for their lives, with remainder over, as follows: should either of said three die, leaving issue, the said issue to take the annuity of the deceased so long as either of the other two shall live, and should either of my two sons or my grandson die without leaving issue, the annuity of him so dying shall be added to that payable to the survivor or survivors." The language above quoted seems to us carefully to provide for the effect of the death of the grandson or either of his sons on the distribution of the net income of his estate. The payments are to be made quarterly, and the trustee from the first seems to have reckoned from the first day of the year. The gifts of income are called in the will annuities, and the will provides that should either of his sons or his grandson die without issue the, "annuity of him so dying shall be added to that payable to the survivor or survivors." The testator's sons and grandson are not given any interest in the income except the right to their quarterly payments in the manner directed. The language of the will seems to us to necessarily exclude any apportionment between the estate of George F. Jennings or plaintiff in error as the sole beneficiary under his will, and Edwin B. Jennings, the sole survivor of the sons and grandson of the testator.

We think that irrespective of the other grounds on which we hold that the demurrer to the cross-bill was properly sustained and the cross-bill dismissed, the facts appearing in the record show no right on the part of the complainant in the cross-bill to any part of the income of said estate which accrued after the last

quarterly payment of income and before the death of George F. Jennings, and therefore the demurrer to the cross-bill was properly sustained and the cross-bill dismissed. *Hemenway v. Hemenway,* 171 Mass. 42.

If it be conceded that the court erred in setting aside the default of Mrs. Howland and granting her leave to file a cross-bill and also in denying the motion of Edwin B. Jennings to strike the cross-bill from the files, we do not think the decree should be reversed therefor, because the dismissal of the cross-bill is, in effect, equivalent to the striking of the same from the files.

The decree of the Circuit Court is affirmed.

*Affirmed.*