THE NATIONAL SHAWMUT BANK OF BOSTON, trustee, *vs.* RICHARD T. MOREY & others.

Suffolk. December 9, 1937. — June 30, 1938.

Present: FIELD, LUMMUS, QUA, & COX, JJ.

*Devise and Legacy,* Apportionment of income from trust. *Trust,* Apportionment of income.

Upon construction of an entire will it did not appear that it "otherwise provided" than as directed in § 27 of G. L. (Ter. Ed.) c. 197 as to apportionment of a certain "balance" of income which should "remain at the end of any year after" specified quarterly payments to annuitants had been made and payments out of the principal to annuitants, if any, had been repaid, where such balance was directed to be paid to two grandchildren in equal shares and to the survivor of them; and therefore, on the death of one of the grandchildren the balance of income for that year was apportionable as of his death between an assignee of his and the survivor of the two, and was not payable wholly to the survivor.

PETITION for instructions, filed in the Probate Court for the county of Suffolk on February 19, 1937, by the trustee under the will of Edwin Morey.

A decree was entered, after a hearing by *Prest*, J., instructing the trustee that income which had accrued at the death of Edwin Morey, 2nd, was payable to Indian Head National Bank. The respondent Richard T. Morey appealed.

*R. J. Walsh*, for the respondent Richard T. Morey.

*J. Noble, Jr.*, (*J. D. Dow, Jr.*, with him,) for the respondent Indian Head National Bank.

QUA, J.   Prior to his death on December 3, 1936, Edwin Morey, 2nd, had been sharing equally with his brother Richard sixty per cent of the balance remaining after paying certain annuities of the income from a trust fund established by the will of their grandfather, Edwin Morey. The present controversy relates to income which had accrued from the last distribution up to the death of Edwin Morey, 2nd. His share is claimed both by Richard as the survivor of the two brothers and by the Indian Head National Bank through assignments from Edwin, 2nd. The question is whether the share of Edwin, 2nd, in the accrued income is apportionable as of his death or must go as an entirety on the next payment date to Richard as his successor in interest.

G. L. (Ter. Ed.) c. 197, § 27, reads as follows: "A person entitled to an annuity, rent, interest or income, or his representative, shall have the same apportioned if his right or estate therein terminates between the days upon which it is payable, unless otherwise provided in the will or instrument by which it was created; but no action shall be brought therefor until the expiration of the period for which the apportionment is made."

The will instructs the trustees to pay out of income certain sums "per annum" in quarterly payments if the income is sufficient, and if the income is insufficient, they are authorized to use the principal so far as necessary. It next provides that if "a balance of said income shall remain at the end of any year after all payments out of the principal in that year have been repaid from said income, then I direct my said trustees to pay over ninety per cent. of such balance annually as follows: —" Then follow dis-

positions of the balance of income "annually," including, in the event which has happened, sixty per cent of said balance to Edwin, 2nd, and Richard in equal shares and to the survivor of them. In another alternative the trustees are directed to pay ninety per cent of said balance "annually" in a manner specified. The testator left an estate much more than ample to pay all of the annuities first mentioned without resort to the principal.

Richard, the appellant, contends that the share in the income which would have belonged to Edwin, 2nd, if he had lived is not apportionable because the will indicates an intent to provide "otherwise" in that the beneficiaries other than the preferred annuitants first mentioned are by its terms entitled to nothing unless at the end of each year it is ascertained that the annuities have been paid wholly out of income or that any payments out of principal for that purpose have been repaid out of income, and that a balance of income remains, thereby, it is said, creating a fund which for the first time becomes available for these beneficiaries. Stress is also laid upon the use of the word "annually" in connection with the payments of income to be made to beneficiaries other than the preferred annuitants and by way of contrast upon the provisions for payments "quarterly" to the annuitants.

The statute was enacted in order that apportionment of income should become the rule and denial of apportionment the exception. Doubtless it was thought to be more just and probably also in most instances more nearly consistent with the real desires of the testator or the person creating the right that the beneficiary should have the income up to the moment of termination of his estate rather than that he should be deprived of income upon which he may have been relying for a period while the estate was still his, which might be long, if termination should occur immediately before a payment date. In order to avoid the statute an intent to provide "otherwise" should appear with substantial clarity. It is not enough merely to say that without any statute the will or instrument would not be construed as providing for apportionment. *Adams* v.

*Adams,* 139 Mass. 449, 453.  In *Green* v. *Bissell,* 79 Conn. 547, 553, cited by the appellant, there was no statute.

There is nothing in the provisions of the Morey will which makes apportionment impossible or even difficult, or which made it an express condition of the right of Edwin, 2nd, to income that he should be living on a payment day. In this last respect the case differs from *Hemenway* v. *Hemenway,* 171 Mass. 42, and is to be classed with *Welch* v. *Apthorp,* 203 Mass. 249.  Nor do we think that the provision making the payment of income to Edwin, 2nd, and others conditional upon the income being sufficient to pay the annuities having priority or to reimburse the principal for any sum expended from principal for those annuities is an obstacle to apportionment.  The income must have been at all times amply sufficient.  Even if it had been necessary in some instances to wait until the end of the accounting year in order to ascertain that fact it would still have been easy then to make the apportionment.  See *McElwain* v. *Hildreth,* 203 Mass. 376; Am. Law Inst. Restatement: Trusts, § 238.

In our opinion it is not "provided otherwise" in the will, and the decree was right in apportioning the income according to the statute and in ordering the part which accrued before the death of Edwin, 2nd, paid to the Indian Head National Bank as his assignee.

*Decree affirmed.*