ISAAC H. MESERVE, trustee, vs. LOUISE Y. HAAK & others.

Suffolk. December 11, 1905. — March 7, 1906.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & SHELDON, JJ.

*Devise and Legacy. Joint Tenants and Tenants in Common. Words,* "In equal shares and proportions."

A testator gave the residue of his property to a trustee, directing him to pay over the net income " to my children, and grandchildren now living, or who may be living at the time of my decease in equal shares and proportions, for and during the natural life of each of my said children. Upon the decease of the last surviving one of my children, I direct my trustee, or whoever shall then be my trustee, to convey all the remaining part of my estate hereinbefore conveyed to him, together with any income of the same, remaining in his hands, to the heirs and legal representatives of my deceased children, in equal shares, according to the number of my deceased children so represented, such heirs and legal representatives taking by way of representation, and not according to their number." At the time of the execution of the will and at the time of his death the testator had three children and two grandchildren living. One of the children thereafter died leaving a widow but no issue. On a bill filed by the trustee for instructions as to the distribution during the existence of the trust of the share of the income formerly paid to the deceased child, it was *held*, that the gift of the income was to the children and grandchildren of the testator living at his death and their survivors, these children and grandchildren taking as a class and not as tenants in common, and that the legal representative of the deceased child was excluded from the distribution.

BILL IN EQUITY, filed November 25, 1904, by the trustee under the will of Andrew T. Meserve, late of Boston, for instructions as to the distribution of the income of the trust fund created by the residuary clause of the will, until the termination of that trust.

The case came on to be heard before *Morton,* J., who reserved it on the pleadings for determination by the full court. The residuary clause is quoted in full in the opinion. It contains the substance of the whole will, the other clauses being immaterial upon the question of its construction.

*H. M. Aldrich,* for Louise Y. Haak and others.

*E. G. McInnes,* for Sarah J. Meserve, executrix of the will of Daniel S. Meserve.

*C. M. Hemenway,* guardian *ad litem,* for persons unascertained or not in being.

MORTON, J. This is a bill for instructions by the trustee under the will of one Andrew T. Meserve. The clause which he seeks to have construed is the residuary clause and is as follows: " All the rest, residue, remainder and reversion of all my estate and property, real, personal and mixed, of which I shall die seised or possessed, or to which I shall be entitled at the time of my decease, I give, devise and bequeath to my said trustee, Isaac H. Meserve, in trust, for the following uses and purposes, that is to say; To collect the rents, income and profit and interest thereof, and first paying all taxes, charges, and insurance thereon, and all repairs, and any other expenses incident to the proper care, management and preservation of the said property, to pay over the same as often as quarter yearly to my children, and grandchildren now living, or who may be living at the time of my decease in equal shares and proportions, for and during the natural life of each of my said children. Upon the decease of the last surviving one of my children, I direct my trustee, or whoever shall then be my trustee, to convey all the remaining part of my estate hereinbefore conveyed to him, together with any income of the same, remaining in his hands, to the heirs and legal representatives of my deceased children, in equal shares, according to the number of my deceased children so represented, such heirs and legal representatives taking by way of representation, and not according to their number." At the time of the execution of the will and at the time of his death the testator had three children and two grandchildren living. One of the children, Daniel S. Meserve, has since died leaving a widow but no issue. The trust continues, it is to be observed, till the death of the last survivor of the children. And the question is, what is to be done, in the meantime, with the share of the income that was paid to Daniel during his life. There are three possible constructions. Either the share that would have gone to Daniel may be held to accumulate till the death of the last survivor of the children and then divided as a part of the trust estate amongst those entitled to the trust estate; or it may be paid to the legal representative of Daniel; or it may be distributed amongst the surviving children and grandchildren. Which of the last two constructions should be adopted would depend on whether the gift is to be regarded as a gift

to the children and grandchildren as tenants in common, or as a class.

There is nothing in the will, we think, from which it can be inferred that the testator contemplated that the share, which would have been paid to a child or grandchild, should be held, in case of the death of such child or grandchild, to accumulate till the final termination of the trust. The phrase, " together with any income of the same, remaining in his hands," refers to any income which might remain in the hands of the trustee at the death of the last survivor of the children. If the testator had intended the income to accumulate, in the contingency which has occurred, it is reasonable to suppose that he would have said so. The scheme of the will is inconsistent with any such purpose. It contemplates the payment of the entire income to the children and grandchildren until the death of the last surviving child, and then a conveyance of the trust estate to the heirs and legal representatives of the children. The testator evidently supposed that he had disposed of all of his estate and did not intend to leave any of it undisposed of, and the will should be construed accordingly if it reasonably can be. We do not think that it can be construed as providing that the income should be held to accumulate.

It follows that one of the other two constructions must be adopted. And it seems to us on the whole that the testator intended that the children and grandchildren should take as a class rather than as tenants in common. The income is given " for and during the natural life of each of my said children." This imports that in case of the death of a child, and probably also of a grandchild, the share of the income payable to such child ceases, and is inconsistent with its continued payment after the child's death to his estate. The children and grandchildren are grouped together, and the reference to survivorship in the clause providing for the termination of the trust has some tendency to show that the testator treated them as a class. The fact that this construction would cause seeming inequality in some contingencies that might arise is not, we think, decisive against it. The testator has limited the payment of the income to children and grandchildren living at the time the will was made or at the time of his death. There is no provision that

the class shall open to take in after-born children or grandchil-dren. And the testator well may have been content to leave the distribution of the income amongst his children and grand-children as a class to work itself out regardless of any seeming inequality that might arise. The words "in equal shares and proportions" do not signify that the children and grandchildren are to take as tenants in common but have reference to the division of the income and are intended to fix the amounts which shall be paid to them. The general rule is, no doubt, that such words indicate a tenancy in common. But they are not conclusive. *Dove* v. *Johnson*, 141 Mass. 287. *Hood* v. *Boardman*, 148 Mass. 330. In the present case we think that the gift to the children and grandchildren was to them as a class and that the survivors take the share which would have been payable to Daniel if he had lived.

*Decree accordingly.*