PERRIN T. WILSON & another *vs.* LESLIE M. STUMP.

Middlesex.   January 26, 1942. — January 26, 1942.

Present: FIELD, C.J., QUA, DOLAN, & RONAN, JJ.

*Trust,* Appointment of trustee. *Devise and Legacy,* Appointment of trustee. *Words,* "Nominate."

Notice to the beneficiaries of a trust established under a probated will was not required before entry of a decree of the Probate Court appointing as trustees one named as such in the will and another designated by him as such under authority given him in the will.

A clause in a will giving property in trust to a named person "and to such other person as" he might "nominate," meant that the named person might "appoint" another to become a trustee by virtue of the will.

PETITION, filed in the Probate Court for the county of Middlesex on September 2, 1941.

The decree appealed from was entered by order of *Monahan*, J.

The case was submitted on briefs.

*I. Springer*, for the respondent.

*K. C. Parker & S. W. Wolcott*, for the petitioners.

FIELD, C.J.    Frank D. Brown, late of Belmont, died testate leaving a will that was duly proved and allowed. It contained a provision by which the testator gave, devised and bequeathed the rest, residue and remainder of his property to "Dr. Perrin T. Wilson, of Cambridge, Massachusetts, and to such other person as the said Dr. Perrin T. Wilson may nominate, but in trust, nevertheless, to hold and invest the same, and dispose of the income thereof as hereinafter directed, and I request that my trustees be exempt from giving surety or sureties on their official bond or bonds."

Said Perrin T. Wilson and Harvard Trust Company filed a petition in the Probate Court reciting that the testator by said will gave certain estate in trust and "appointed Perrin T. Wilson, one of the petitioners, as trustee thereof with direction to said Perrin T. Wilson to nominate a person as cotrustee and the said Perrin T. Wilson hereby exercises his power of appointment in favor of said Harvard Trust Company trustee thereof, and in and by said will the testator requested that said Perrin T. Wilson and his cotrustee be exempted from giving a surety on their bonds as such trustees," and praying that the petitioners be appointed trustees without giving a surety on their bonds.   On this petition a decree was entered that "said petitioners be appointed trustees . . . they first giving bonds, without sureties, for the due performance of said trust."   No notice to persons interested appears to have been given.   A daughter of the testator named in the will as a beneficiary of the trust—a person interested—appealed from the decree.

The only question for determination is whether the decree appealed from was properly entered without notice to persons interested.

No such notice is required where the trustee "appointed" by the court, according to the terms of the decree, is named as trustee in the will. Indeed, such a trustee, notwithstanding the language of the decree, is "appointed by the will to the trust it created," and no "notice or citation from a probate court . . . [is] essential to the validity of the letters granted to him." *Monk* v. *Everett*, 277 Mass. 65, 70. See also *Parker* v. *Sears*, 117 Mass. 513, 522; *Daley* v. *Daley*, 300 Mass. 17, 21. Compare G. L. (Ter. Ed.) c. 203, § 4. The case of *Guaranty Trust Co., petitioner*, 248 Mass. 319, 321–322, is not in conflict with this principle. In that case a trustee named in the will was incapable of acting as such within this Commonwealth and the court held in substance that its bond could not be approved and a trustee's letter could not be issued to it, that in this sense it could not be "appointed" as trustee. The general principle extends to a trustee who, though not actually named in the will as trustee, is "appointed" as trustee by some person therein named under authority conferred upon such person to make such appointment. "When the power of appointment given by the will is duly exercised, the trustees take under the will, and derive their powers from the act of the testator." *Shaw* v. *Paine*, 12 Allen, 293, 296, 298. *National Webster Bank* v. *Eldridge*, 115 Mass. 424, 427–428.

The appellant, however, attempts to distinguish the present case from the cases just above cited on the ground that Dr. Wilson was authorized by the will not to "appoint" a trustee but merely to "nominate" one. We think the attempted distinction is without merit.

The meaning of the phrase of the will, "such other person as the said Dr. Perrin T. Wilson may nominate," is to be determined in accordance with the principle of construction generally applicable to wills that "the intention of the testator shall prevail, provided that it is consistent with the rules of law." *McCurdy* v. *McCallum*, 186 Mass. 464, 469.

*Boston Safe Deposit & Trust Co.* v. *Park,* 307 Mass. 255, 259. The word "nominate" ordinarily means to name, designate by name or appoint. The word is probably most familiar in connection with the nomination of candidates for offices where the final selection of the officer is to be by subsequent election or appointment. In such circumstances, however, strictly speaking, a person is named or designated by name as a *candidate* for an office not as an *officer,* though it is not unusual to use the shorter phrase "to nominate an officer" when it means that a person is to be named or designated by name merely as a candidate for the office. The more natural meaning, however, of the phrase here in question is that Dr. Perrin was to name or designate by name, that is, to "appoint," a cotrustee, rather than to name or designate by name a person as a candidate for the position of cotrustee, the final selection or appointment being left to the Probate Court. Language of the will is not to be regarded as surplusage, yet the provision now in question would be little more than that if it means merely that Dr. Wilson was authorized thereby to recommend or suggest to the court a person for appointment as cotrustee. It is hardly to be thought that the testator included the provision in his will solely for that purpose. Moreover, the fact that the person to be nominated by Dr. Wilson as cotrustee under the will was the person to whom, with Dr. Wilson, the rest, residue and remainder of the testator's estate was devised and bequeathed directly, though in trust, tends to support the conclusion that the power conferred upon Dr. Wilson was in substance a power to "appoint" a cotrustee. Consequently, this is not a case in which the testator has "omitted in his will to appoint a trustee" so that the Probate Court is authorized by G. L. (Ter. Ed.) c. 203, § 4, to "appoint" a trustee. Obviously, G. L. (Ter. Ed.) c. 203, § 5, authorizing the Probate Court in some circumstances to "appoint" a trustee is inapplicable to the case.

It follows from what has been said that notice to persons interested was not required for the entry of the decree appealed from.

*Decree affirmed.*