In the Matter of the Accounting of FRANK H. SINCERBEAUX et al., as Trustees under the Will of WILLIAM CRAWFORD, Deceased.

Surrogate's Court, Orange County, January 5, 1955.

146

*Robert S. Dorman* and *Elmer J. Hoare* for trustees.

*William L. Seibert* for Margaret C. Gow, as executrix of Janet Y. Gow, deceased, and others, objectants.

CALYER, S. William Crawford died on January 4, 1929, leaving a will which was probated on February 26, 1929, by which, among other things, a $200,000 trust was created. Janet Young Gow, the life tenant of said trust, died on August 15, 1946, and the trustees thereof have now filed their final account.

Objections to said account have been filed by the executrix of the deceased life tenant and by the remaindermen. The objections, thirteen in number, are all directed at the investment by

the trustees of $123,000 in a $650,000 mortgage on property in the city of New York. The trustees have moved to dismiss all of the objections, except two which allege self-dealing and failure to disclose the same, on the ground that they are barred by a decree of this court, dated August 5, 1930, rendered in an intermediate accounting herein.

The objectants claim that the acts of the trustees, both in making the investment in question and in the final accounting, were negligent and fraudulent, and that, therefore, the prior decree is not binding upon them. The only question now before the court is whether the decree of August 5, 1930, is *res judicata* as to the objections to which the present motion is addressed.

A decree is conclusive against all parties over whom the court had jurisdiction and persons deriving title from any of them as to all matters embraced in the account and decree. (Surrogate's Ct. Act, § 274.) This includes matters which were disclosed in the account, even though they were not expressly determined. (*Pray* v. *Hegeman*, 98 N. Y. 351; 1A Bradford Butler on New York Surrogate Law and Practice, p. 366; 4 Bogert on Trusts and Trustees, § 973; *Hull* v. *Hull*, 225 N. Y. 342; *Matter of Chapin*, 171 Misc. 783; *Matter of Froehlich*, 121 N. Y. S. 2d 917.) The real question to be determined on this motion, then, is whether the prior account disclosed with sufficient particularity the nature and circumstances of this investment.

Briefly stated, the objections to which this motion is addressed are as follows: Nos. 1, 2, 3, 4, and 10 allege negligence of various kinds in making the investment; No. 5 alleges that the investment was illegal because at the time it was made part of the mortgaged premises were encumbered by a mortgage which was superior in lien; No. 9 alleges that the investment was improper because made at a time when there was only one trustee, whereas the will required two; Nos. 6 and 7 allege that the name of the mortgagor and the description of the premises were incorrectly set forth in the prior account. Nos. 12 and 13 substantially reallege all of these matters, claiming that they constitute fraud invalidating the prior decree.

Before considering these objections further, a chronological statement with regard to this transaction will be helpful. This trust was established on October 28, 1929, just two days after the beginning of the stock market crash. The mortgage in question was made by the City Bank Farmers Trust Company on November 25, 1929, based upon an appraisal of the premises dated October 23, 1929. A portion of this mortgage was allo-

cated to this trust on November 25, 1929, the day it was made, and on the same day, Frederic J. Middlebrook, one of the trustees, died. On December 2, 1929, Frank H. Sincerbeaux, one of the accounting trustees and a former law partner of the deceased trustee, was appointed as Mr. Middlebrook's successor. Thereafter an account was filed covering the acts of the trustees to April 15, 1930, and of the executors to July 1, 1930. It was upon this account that the decree of August 5, 1930 was entered. The mortgage in question was foreclosed in 1933, resulting in a sale on September 6, 1933, to a salvage corporation, which finally sold the premises on June 15, 1953. As a result of these transactions, there were substantial losses in both income and principal.

The participation in the mortgage in question was mentioned in several schedules of the 1930 account. It is first mentioned in Schedule C, Part II, showing investments by the trustees, as follows: '' 1929 Nov. 25 Purchased $123,000 Participation interest in $650,000 bond and mortgage of Nathaniel W. Keane covering premises 1186 Lexington Avenue and 112–4 East 81st Street, Borough of Manhattan, City of New York; interest at 5½% payable May and Nov. 25th $123,000.00 ''. Other references to this investment in said account were in substantially the same language.

This language sufficiently described the investment so as to bring it within the cases holding that questions of negligence prior to filing a previous account are barred unless raised in that proceeding. (*Matter of Roche,* 259 N. Y. 458; *Matter of Baker,* 249 App. Div. 265.) This disposes of objections 1, 2, 3, 4 and 10.

At the time the mortgage interest was allocated to this trust, the City Bank Farmers Trust Company had in its possession a satisfaction of a mortgage covering part of the premises which were subject to the mortgage here in question. Because of technical defects in the satisfaction the register refused to record it. A new satisfaction was obtained and recorded on January 10, 1930. Consequently, while the mortgage of which a part was allocated to this trust may not have been a first lien at the time of the allocation, it was such as of January 10, 1930, prior to the previous accounting herein, and no loss had then been sustained because of this matter. This would eliminate any basis of objection on this ground. (*Matter of Adriance,* 145 Misc. 345; *Matter of Toel,* 180 Misc. 447.) The previous account clearly stated the situation in this regard as of the date

of its filing; and the decree based thereon was binding as to this matter also.

Another objection presented is that the investment was illegal because made at a time when there was only one trustee. It is undisputed that Mr. Middlebrook died on the same day that this mortgage investment was allocated to the trust. However, the only information as to the relative time of his death and the allocation of part of the mortgage to this trust is in the objections now filed and in the objectants' briefs, all of which is stated to be alleged upon information and belief. Assuming, as we must on this motion, that the allegations of the objections are true, the previous account stated the date of Mr. Middlebrook's death and also the date of the making of the investment in question. This matter could have been raised on the prior account, but is now barred by the prior decree.

It is objected, further, that the previous account incorrectly named the mortgagor and incorrectly described the premises. Both allegations are admitted by the trustees. As to the former, the account showed Nathaniel W. Keane to be the mortgagor, whereas in fact Combined Real Estate Interests, of which Mr. Keane was president, was the mortgagor, and Mr. Keane had signed the mortgage in that capacity. This statement in the account may have been misleading, but the primary security is the property covered by the mortgage. The personal wealth or character of the borrower is of secondary importance. (*Matter of Union Trust Co. of N. Y.*, 86 Misc. 392.) As to the description of the premises, the error was in omitting the street number of two lots covered by the mortgage. In other words, the mortgage actually covered more property than the account showed to be covered thereby. This could not prejudice the life tenant or the remaindermen. These objections are not sufficient to invalidate the prior decree.

The objectants claim that all these matters, considered collectively, constitute fraud and invalidate the prior decree herein. While it is true that trustees are held to a higher degree of responsibility than that imposed upon individuals, there is nothing in this situation which shows that these trustees intended to deceive anyone. This is one of the elements necessary to prove fraud sufficient to vitiate a previous decree. (1 Warren's Heaton on Surrogates' Courts, p. 789.)

After careful consideration of all the papers upon which this matter was submitted, I am of the opinion that the account filed in 1930, set forth the facts with sufficient particularity to apprise the life tenant and the remaindermen as to the nature

of the investment in question, and that the decree entered thereon is *res judicata* as to the objections to which this motion is directed. The motion to dismiss items 1–7 inclusive, 9, 10, 12 and 13 of the amended objections filed herein is, therefore, granted.

Submit order upon notice, at which time a date will be set for a hearing upon items 8 and 11.