AUGUSTUS P. LORING & another, trustees, *vs.* RICHARD J.
COTTER, JUNIOR, administrator, & another.

Norfolk.   October 6, 1959. — November 5, 1959.

Present: WILKINS, C.J., RONAN, SPALDING, WILLIAMS, &
WHITTEMORE, JJ.

*Devise and Legacy,* Accrued and accumulated income of trust.   *Trust,*
Accrued and accumulated income.

In a will establishing by a fifth clause and two later clauses trusts for the
benefit of the testator's wife for her life with gifts of the principal over
at her death, a phrase appearing in the gift over of the principal in the
fifth clause but not in the gifts over in the two later clauses, "with
any accumulations of income and additions thereto," was a provision
"otherwise" within G. L. c. 197, § 27, and entitled the remainderman
of the trust under the fifth clause to accumulated income of that trust
in the possession of the trustee at the wife's death, to interest on bonds
accrued to the date of her death and received by the trustee there-
after, and to dividends declared to stock of record before that date
and paid after it.

PETITION for instructions, filed in the Probate Court for
the county of Norfolk on August 2, 1957.

The case was heard by *Reynolds,* J.

*Roy M. Robinson,* stated the case.

*Richard J. Cotter, Jr.,* for Cotter, administrator.

*James W. Noonan,* (*John M. Woolsey, Jr.,* with him,) for
St. Paul's School.

SPALDING, J.   In the fifth clause of his will, Francis
Skinner, late of Dedham in the county of Norfolk (herein-
after called the testator), provided as follows: "I give and
bequeath to . . . [my trustees] three hundred thousand
(300,000) dollars, but in trust, nevertheless as follows,
viz: — To invest and re-invest the same, and to pay the
income thereof to my wife, Sarah E. Skinner, so long as
she shall live and on her death, pay over the principal fund
with any accumulations of income and additions thereto to
St. Paul's School, of Concord, New Hampshire."

The testator died on May 7, 1914, survived by his widow Sarah E. Skinner who later became Sarah E. Shea. The widow died on March 2, 1956. At the time of her death the trustees under the fifth clause had in their possession accumulated net income of the trust amounting to $28,615.36; interest accrued on bonds to March 2, 1956, and received by trustees after March 2, in the amount of $1,565.58; and dividends declared to stock of record prior to March 2 but paid after that date in the amount of $1,953.13. From this total gross income of $32,134.07 the sum of $2,679.59 for expenses was deducted, leaving net income in the amount of $29,454.48 in the hands of the trustees to be distributed.

A controversy having arisen as to whether the aforesaid $29,454.48 belonged to the estate of Sarah E. Shea or to St. Paul's School, the trustees under the fifth clause brought this petition for instructions. A decree was entered instructing the petitioners that the sum in question, after the payment of proper charges and expenses, was to be paid to St. Paul's School. From this decree the administrator de bonis non cum testamento annexo of the estate of Sarah E. Shea appealed.

General Laws c. 197, § 27, provides in part that "A person entitled to . . . income, or his representative, shall have the same apportioned if his right or estate therein terminates between the days upon which it is payable, unless otherwise provided in the will or instrument by which it was created . . . ." It has been held that this provision makes "apportionment of income . . . the rule and denial of apportionment the exception" and apportionment can be avoided only if "an intent to provide 'otherwise' should appear with substantial clarity." *National Shawmut Bank* v. *Morey,* 301 Mass. 37, 39.

Although the question is not free from difficulty, we are of opinion that the words in the fifth clause, "and on her death, pay over the principal fund with any accumulations of income and additions thereto," when interpreted with reference to the entire will, evinces an intent to provide "otherwise."

The administrator would have us hold that the above phrase refers to the period between the death of the life beneficiary and ultimate distribution. But that construction would make the phrase superfluous, since any income accrued or accumulated after the death of the testator's wife would automatically go to the remainderman under the rule of apportionment. "It is a canon of construction that every word and phrase of an instrument is if possible to be given meaning, and none is to be rejected as surplusage if any other course is rationally possible." *National Shawmut Bank* v. *Joy*, 315 Mass. 457, 466.

It is significant that the language under consideration is not found in the twelfth and fourteenth clauses of the will where, as in the fifth clause, the testator established trusts for his wife with gifts over on her death. Under the apportionment rule the remaindermen in the twelfth and fourteenth clauses would receive principal plus income accrued and accumulated *after* the death of the life beneficiary. By including the disputed language in the fifth clause and by omitting it in the others, we think that the testator contemplated a different result.

The administrator argues, however, that by including this language in the fifth clause the testator wanted to make certain that the remainderman would receive not only the initial corpus of $300,000 but all accretions thereto resulting from capital gains, stock dividends and the like. But the testator accomplished this result by including the words "additions thereto" in the fifth clause. The administrator's contention leaves unexplained the effect of the words "accumulations of income."

No decision by this court has been brought to our attention, and we have found none, which sheds any light on the precise problem here presented. We are aware that there is respectable authority holding that under language somewhat similar to that contained in the fifth clause the accumulated and accrued income would go to the life beneficiary. Scott, Trusts (2d ed.) § 235A, and cases there collected. But no hard and fast rule can be laid down to cover all situations

because the answer will often depend on an interpretation of the particular trust instrument. The language in question here might in a different context lead to a different result. We are of opinion, viewing the will before us as a whole, that the decree below was right in directing the accumulated and accrued income to be paid to the remainderman.

> *Decree affirmed.*
> *Costs and expenses of this appeal*
> *are to be in the discretion of the*
> *Probate Court.*