FRANCES GARAFALO *vs.* IDA BOCCADORO, individually and as administratrix. November 10, 1972. The petitioner by a petition in equity filed in the Probate Court sought an accounting by the estate of her deceased brother for his acts as executor under their father's will. She alleged that she and her brother were to share equally in the residue of the father's estate, that she was ill and infirm and relied on her brother, that he received the proceeds of the estate and intermingled its funds with his own, and that she received none of the residue. The trial judge entered a decree allowing a plea in bar based on the allowance of the first and final account of the brother as executor, and a decree dismissing the petition. The petitioner appeals from both decrees. The decree allowing the plea in bar was technically correct. *Wilbur* v. *Hallett,* 305 Mass. 554, 558. We think, however, that the petitioner should be given leave to amend her petition to a petition to revoke the decree allowing the account in the father's estate and for other appropriate relief. G. L. c. 206, § 24. See *Fordyce* v. *Dillaway,* 212 Mass. 404, 411; *Jose* v. *Lyman,* 316 Mass. 271, 280; *Jackson* v. *United States Trust Co.* 361 Mass. 333, 339–340, and cases cited. The decree allowing the plea in bar is affirmed. If within sixty days after rescript the petitioner shall seek such an amendment of the petition, the decree dismissing the petition shall be vacated, the amendment shall be allowed, and the case shall stand for further proceedings; if the amendment is not so sought, the decree dismissing the petition shall be affirmed.

*So ordered.*

*Gladys Shapiro* for the petitioner.
*Paul F. Cavanaugh* for the respondent.