ESTHER K. STEVENS, special administratrix, *vs.* WALTER J. MOOSSA. November 11, 1974. Following the entry of three decrees in a Probate Court relating to the first and final account of the respondent as executor under the will of James E. McBride, one in 1957 allowing the account, another in 1972 dismissing a petition to revoke the 1957 decree and for affirmative relief against the respondent, and a third in 1973 dismissing the petitioner's appeal from the 1972 decree — the petitioner filed a petition in the Supreme Judicial Court for Suffolk County to revoke the 1973 decree. There, a single justice reserved and reported the cause to that court without decision. G. L. c. 211, § 6. The cause was then transferred to this court under the provisions of G. L. c. 211A, § 12. The questions thus presented are (1) whether the 1973 decree should be revised and (2) the proper disposition of the petitioner's appeal from the 1972 decree. The 1973

decree dismissing the petitioner's appeal because of alleged failure to file her designation of the record within the fifteen day period prescribed by Rule 1:02 of the Appeals Court, 1 Mass. App. Ct. 883 (1972), was erroneous as no transcript of testimony complying with Rule 19 of the Probate Court (as amended, 1964) was filed until eleven days before she filed her designation. Compare *Delzenero* v. *Berube, ante,* 353, 356-357 (1974). With respect to the 1972 decree, a portion of the evidence reported was taken by a stenographer not duly appointed (see G. L. c. 215, § 18) but we conclude that that evidence was such a minute part of the total evidence (contrast *Morgan* v. *Morgan,* 267 Mass. 388, 391 [1929]) as to warrant our application of the standard of review set forth in *Paone* v. *Gerrig,* 362 Mass. 757, 759-760 (1973). The judge's finding of "no evidence of fraud or manifest error" in the respondent's account (G. L. c. 206, § 24) was plainly wrong. At least one substantial error was apparent on the face of the account. Compare *Theberge* v. *Howe,* 314 Mass. 22, 24 (1943). Contrast *Porotto* v. *Fiduciary Trust Co.* 321 Mass. 638, 643-644 (1947). The account showed a payment of a $6,000 legacy by the respondent to himself despite the absence of sufficient funds in the account to pay in full a $200,000 legacy in trust for the testator's widow. The latter was entitled (in absence of special circumstances not suggested to have been present here) to preference over the other legatees. *Pope* v. *Pope,* 209 Mass. 432, 438-439 (1911). *Burgin* v. *Patch,* 312 Mass. 219, 223 (1942). *Nelligan* v. *Long,* 320 Mass. 439, 447 (1946). Newhall, Settlement of Estates (4th ed.) §§ 213, 241. No finding was made with respect to the defense of laches asserted by the respondent. That defense is in any event unavailable to him for the reasons stated in *Three Sons, Inc.* v. *Phoenix Ins. Co.* 357 Mass. 271, 278 (1970). As the evidence upon which the case was tried was largely oral and disputed, we proceed no further than to hold the 1972 decree erroneous. The 1973 decree is revoked, the 1972 decree is reversed, a decree to be entered revoking the 1957 decree, and the cause is remanded to the Probate Court for a hearing de novo upon the petition for the allowance of the respondent's first and final account as executor.

*So ordered.*

*Howard S. Whiteside* for Esther K. Stevens, special administratrix.
*Henry P. Grady* for Walter J. Moossa.
*Charles W. Lavers* for Margaret T. McBride.